# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-171 |
| KURT E. MIX | SECTION "K"(1) |

## ORDER AND OPINION

Before the Court is the "Motion to Quash Subpoenas" filed on behalf of the United States (Doc. 188). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion.

### Background

The general background of this case is set forth in a prior Order and Opinion (Doc. 155), and therefore will not be restated herein. The following additional facts are relevant in analyzing the Government's motion. On December 11, 2012, the Court granted in part and denied in part defendant's "Motion for an Order Requiring the Government to Produce Exculpatory Materials Pursuant to Brady v. Maryland." (Doc. 155). On January 4, 2013, the Clerk of Court issued, at defendant's request, 100 blank subpoenas. (Doc. 162). The defense served subpoenas on 22 people who worked for the Department of Interior, Department of Energy, NASA, and the "government-owned, contractor operated" Sandia, Los Alamos, Berkeley, and Lawrence Livermore national laboratories. Defendant directed each of the subpoenas issued to an individual who defendant had sought *Brady* materials from previously. Each subpoena requested production at defense counsel's office in New Orleans, not later than 5:00 p.m. on January 25, 2013, of the following:

> 1. All documents that discuss or otherwise reflect Kurt Mix's involvement or participation in BP's and the federal government's

> response to the Deepwater Horizon explosion and oil spill from the Macondo Well.
> 2. All documents created by BP or any of BP's employees, agents, or contractors related to Top Kill or the rate at which oil was or may have been flowing from the Macondo Well.
> 3. All documents received during or in relation to any meeting attended by BP employees, agents, or contractors regarding Top Kill or the rate at which oil was flowing from the Macondo Well.
> 4. All documents post-dating April 20, 2010 that mention Kurt Mix by name.

The Government moved to quash the subpoenas contending that they do not satisfy the requirements of Federal Rule of Criminal Procedure Rule 17(c). Additionally, the Government seeks an order precluding the defendant from serving additional subpoenas until permission is obtained from the Court. Defendant opposes the motion, asserting, among other things, that the Government lacks standing to move to quash the subpoenas issued to third parties who are unaffiliated with the Department of Justice and who have not been identified as witnesses for the prosecution.

Law and Analysis

The Court necessarily begins its analysis by addressing defendant's contention that the Government lacks standing to move to quash these subpoenas. In general, "[a] party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982); *United States v. Williams*, 2007 WL 2287819 (E.D. La. August 8, 2007). While it is true that the recipients of the subpoenas are not employees of the Department of Justice, defendant concedes that "the subpoenas at issue were served upon individuals working for federal and quasi-federal entities." Doc. 188, p. 6. Additionally, the Court notes that all of the federal entities involved fall under the umbrella of

the "Executive" branch of the government, as does the Department of Justice. Considering those factors, as well as defendant's failure to cite any case requiring that the subpoena be challenged by the actual party subject to the subpoena, the Court is not persuaded that the Government lacks standing to challenge the subpoenas at issue.

Having concluded that the Government has standing to move to quash the subpoenas at issue, the Court turns to analyzing whether the subpoenas satisfy the requirements of Rule 17(c)(1). Rule 17(c)(1) provides, in pertinent part, that:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The Court may direct the witness to produce the designated items in court before trial or before they are offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

"The burden is on the party seeking production to show good cause for production before trial." 2 C. Allen Wright & Peter J. Henning, Federal Practice and Procedure, Federal Rules of Criminal Procedure, §275 (4th ed. 2009). In *United States v. Nixon*, 418 U.S. 683, 699-700, 94 S.Ct. 3090, 3103, 41 L.Ed.2d 1039 (1974), the Supreme Court adopted the test set forth in *United States v. Iozia*, 13 F.R.D. 335, 338 (SDNY 1952) to establish the requirements for production prior to trial.

> Under this test, in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production, and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

The Supreme Court further opined that the party seeking the pretrial production "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *Id.* With respect to relevancy, this

3

Court has previously stated:

> [T]he Court finds that, the only materials relevant to Mr. Mix's state of mind are communications from Mr. Mix and communications from other BP personnel, government officials, employees and agents which were made where Mr. Mix was present. Therefore, pursuant to *Brady*, the Government must produce any notes and/or memorandum related to flow rate or Top Kill which were taken, distributed, and/or presented by any attendee at the May 17, 2010 meeting attended by Kurt Mix at which he presented flow rate information.

Doc. 155, p. 8.

It is well established that Rule 17(c) was "not intended to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. at 698, 94 S.Ct. at 3103. The Court concludes that "Document Subpoena Requests" No. 1, 2, and 3 are each overly broad and lack the specificity necessary to satisfy the requirements of Rule 17(c)(1). Defendant's requests are not limited to a specific time frame nor are they limited to documents demonstrating Mr. Mix's knowledge with respect to Top Kill or flow rates or his sharing of the information contained in any such documents. Contrary to defendant's assertion that these requests were "narrowly tailored," the Court finds the breadth of the requests to be more akin to the proverbial "fishing expedition." Furthermore, given the broad scope of Requests 1, 2, and 3, the Court lacks sufficient information to determine whether the documents sought are relevant. Therefore, the motion to quash is granted as to "Document Subpoena Request" No. 1, 2, and 3.

Although "Document Subpoena Request" No. 4, i.e., "[a]ll documents post-dating April 20, 2010 that mention Kurt Mix by name,", is more limited in scope than defendant's other subpoena requests, the Court nonetheless finds it overly broad and grants the motion to quash. However, if the request were amended and restricted to "all documents post-dating April 20, 2010, related to Top

4

Kill or the rate at which oil may have been flowing from the Macondo Well that mention Kurt Mix by name" the request would comply with the requirements of Rule 17(c). Additionally, the Court advises defendant that the limitations imposed herein will apply to any future subpoenas issued in this matter.

Finally, the Court notes that any future production of documents pursuant to a Rule 17(c)(1) subpoenas issued herein must be made to this Court, as specifically required in the rule.

New Orleans, Louisiana, this 1st day of February.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE