## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-171 |
| KURT E. MIX | SECTION "K"(1) |

### ORDER AND OPINION

Before the Court is the "Motion in Limine to Preclude the Government From Referring to the 11 Deaths That Resulted From the Deepwater Horizon's Explosion, any Pre-Spill Misconduct on the Part of BP, the Size of the Oil Spill, or BP's Guilty Plea" filed on behalf of defendant Kurt Mix (Doc. 251).  Having reviewed the pleadings, memoranda, and relevant law, and having heard the oral argument of the parties on May 1, 2013, the Court, for the reasons assigned, grants the motion in part and denies it in part.

Defendant seeks an order striking Paragraph 2 of the superseding indictment in its entirety contending that the facts contained therein, i.e., eleven (11) deaths and the size of the oil spill are inflammatory and not relevant to the criminal acts with which Mr. Mix is charged.  Paragraph 2 of the superseding indictment states:

> On or about April 20, 2010, the *Deepwater Horizon* drilling rig, leased by BP, was completing work on the Macondo well in the Gulf of Mexico.  That evening, the rig experienced an uncontrolled blowout of gas and oil, **which quickly led to two massive explosions resulting in the deaths of eleven men and the largest oil spill in United States history.**  Oil spilled from the Macondo Well for almost three months.

(emphasis added).

Additionally, defendants seeks to preclude the United States from referring to the eleven (11)

1

deaths, the size of the spill, the fact that BP pleaded guilty to criminal charges, and any misconduct by BP which occurred before the spill. The defendant also seeks to preclude the government from making assertions "about what the flow rate was prior to or during Top Kill." (Doc. 251, p. 5). The United States contends that the challenged evidence is relevant to the issue of the foreseeability of the grand jury investigation and to the defendant's motive for deleting material from his iPhone.

"Relevant evidence" is that which "has a tendency to make a fact more or less probable than it would be without the evidence" and which is a "fact of consequence in determining the action." Fed.R. Evid. 401. Rule 403 of the Federal Rules of Evidence permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger" of, among other things "unfair prejudice." "Unfair prejudice 'speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilty on a ground different from proof of specific to the offense charged.'" *United States v. Perez-Solis*, 709 F.3d 453, 464 (5th Cir. 2013), quoting *Old Chief v. United* States, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

Evidence of misconduct by BP prior to the spill and evidence BP pleaded guilty to criminal charges is not relevant evidence in this case. Any misconduct by BP prior to the spill has no relevance to the acts of Kurt Mix which occurred entirely after the explosion about the Deepwater Horizon. Nor is BP's guilty plea relevant to this case. That guilty plea occurred long after the deletions which serve as the foundation for the criminal charges against Mr. Mix, and is of no consequence in determining the criminal charges pending against Mr. Mix. Therefore, the Court grants defendant's motion to the extent that it seeks an order precluding any reference to misconduct by BP prior to the spill or to the fact that BP pleaded guilty to criminal charges.

Evidence concerning the eleven (11) deaths and the size of the oil spill may constitute

relevant evidence, but the unfair prejudice resulting from the admission of such evidence substantially outweighs the probative value of that evidence. Even absent that evidence, there is abundant evidence available to the United States which would be relevant to the foreseeability of the grand jury investigation and defendant's motive, e.g. the fact of the explosion and the duration of the spill. The Court therefore precludes any reference to or evidence of the eleven (11) deaths resulting from the explosions aboard the Deepwater Horizon and the size of the oil spill.

The Court further finds that portion of Paragraph 2 of the superseding indictment which refers to the eleven (11) deaths and to the spill being the "largest oil spill in United States history" must be stricken. "The inclusion of clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues, and blur the elements necessary for conviction can be prejudicial." *United States v. Bullock,* 451 F.2d 884, 888 (5th Cir. 1971). Such language can be stricken as surplusage. *United States v. Meffert*, 2010 WL 2360776 at *12 (E.D. LA. June, 2010). The **bolded** language in Paragraph 2 herein above is capable of inflaming the jury, and its deletion is in no way detrimental to the government's case. Even after redacting the **bolded** language from Paragraph 2 there is a sufficient factual basis in that paragraph to establish a time frame for the relevant actions and the fact that an uncontrolled blowout continued for almost three months. Those facts provide context for the foreseeability of a grand jury investigation and defendant's motive and intent. The Court orders that Paragraph 2 of the superseding indictment be redacted to remove the **bolded** language identified herein above.

Defendant also seeks to eliminate any reference to the flow rate before and during Top Kill. References to the flow rate before and during Top Kill provides needed context for attempting to discern Mix's motive and intent as well as specific evidence relevant to the critical issues of

3

defendant's motive and intent.  Such evidence is highly probative, and the probative value of that evidence is not substantially outweighed by unfair prejudice resulting from such references or evidence.  Evidence regarding the flow rate of the Macondo well before and during Top Kill may be presented by individuals involved in the response effort who have with sufficient expertise to discuss the flow rate before and during Top Kill.  Therefore, the Court denies that portion of defendant's motion seeking to preclude any references to the flow rate before and during Top Kill, but limits the references to those made by individuals involved in the response effort who have sufficient expertise to discuss the rate before and during Top Kill.

New Orleans, Louisiana, this 7th day of May, 2013.

                              STANWOOD R. DUVAL, JR.
                             UNITED STATES DISTRICT JUDGE