# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                            NO. 12-171

KURT E. MIX                                       SECTION "K"(1)

## ORDER AND OPINION

Before the Court is the "Motion in Limine to Preclude the Government from Improperly Relying Upon the BP 'Litigation Hold Notices" filed on behalf of defendant Kurt Mix (Doc. 255). Having reviewed the pleadings, memoranda, and relevant law, and having heard the oral argument of the parties on May 1, 2013, the Court, for the reasons assigned, denies the motion in part and grants it in part.

On April 22, 2010, following the blowout of the Macondo Well, BP, plc issued a "Legal Hold Order" which advised the recipient of the order that "[t]here is a pending or anticipated legal matter . . ." and set forth "Preservation Instructions." Doc. 255, Ex. A The Hold Order stated that "[f]ailure to comply with this Legal Hold Order may result in disciplinary actions. Withholding, concealing, altering, falsifying, or destroying anything subject to this Legal Hold Order may subject individuals or BP to prosecution or other severe consequences." Id. The Hold Order also set forth categories of information to preserved, the types of data to be preserved, and the relevant time period covered by the Hold Order. Id. Text messages and voicemails were included in the Hold Order. Kurt Mix does not dispute that he received the April 22, 2010 Hold Order. Periodically thereafter BP, plc issued other Hold Orders to its employees, including Kurt Mix.

Defendant moves the Court for an order barring the United States from "arguing or suggesting that mere non-compliance with the Hold Notices constitutes a violation of the federal

obstruction of justice statute . . ." and to "exclude from evidence those portion of the Hold Notices that purport to describe the legal scope of the employee's document preservation obligations and the potential consequences of failing to satisfy those obligations." Doc. 255, p. 3. Defendant further asks the Court, if requested by defendant to do so, to "caution the jury that any evidence that Mix may have failed to comply with his company's internal Hold Notices does not prove that Mix deleted text messages with the 'corrupt' intent to impair a grand jury investigation." Id. The United States asserts that the Hold Orders are admissible as are defendant's violations of the orders to establish 1) defendant's mental state, i.e., that he acted with corrupt intent in deleting the text messages and voice mails, 2) to provide the context and circumstances of Mix's deletions; 3) to establish the foreseeability of a grand jury proceeding, an element of 18 U.S.C. §15212.

Law and Analysis

It is axiomatic that whether or not Mr. Mix violated one or more of the Hold Orders is not determinative of the issue of whether he obstructed justice as charged. Therefore, the issue before the Court is whether the Hold Orders are relevant evidence with respect to the any issue in this case, and, if so, whether the Hold Orders are admissible pursuant to Rule 403 of the Federal Rules of Evidence.

"Relevant evidence" is that evidence which "has a tendency to make a fact more or less probable than it would be without the evidence" and which is a "fact of consequence in determining the action." Fed.R. Evid. 401. The government asserts that the fact that defendant violated the Hold Orders is relevant to the issue of the forseeability of a grand jury investigation as well as to Mr. Mix's motive and state of mind. To establish obstruction of justice under 18 U.S.C. 1512(c)(1), the United States must prove that the defendant committed one of the prohibited acts "with the intent

2

to impair the object's integrity or availability for use in an official proceeding . . .." Therefore, the foreseeability of an official proceeding, e.g, grand jury, is an element of the offense. Although the Hold Orders make no specific reference to a grand jury inquiry, they do advise the recipient that there is "a pending or anticipated legal matter" and that taking certain actions, including destroying, materials covered by the Hold Order "may subject individuals or BP to prosecution or other severe consequences." Doc. 255, Ex. A. The possibility of a grand jury proceeding is certainly within the scope of "prosecution." Based on that quoted language, the Hold Orders have a tendency to make the foreseeability of an "official" proceeding more probable. Therefore, the evidence is relevant.

The evidence is also relevant to defendant's motive and state of mind. Evidence that a recipient of the Hold Order disregarded that notice is a fact that has a tendency to make it more likely that defendant acted with corrupt intent in deleting the text messages and voicemails. Additionally, knowledge of the Hold Order had a tendency to make it less likely that defendant deleted the data due to ignorance or accident. Evidence of a breach of the Hold Orders constitutes relevant evidence under Rule 401 of the Federal Rules of Evidence.

Without conceding that he violated the Hold Orders, defendant urges that even if the Hold Orders are probative, there is a substantial danger that the Hold Orders will mislead the jury concerning the government's burden of proof and therefore the Hold Orders should be excluded from evidence under Rule 403 of the Federal Rules of Evidence. Rule 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger" of, among other things "unfair prejudice." "Unfair prejudice 'speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilty on a ground different from proof of specific to the offense charged.'" *United States v. Perez-Solis*, 709 F.3d 453, 464 (5th Cir. 2013),

3

quoting *Old Chief v. United* States, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

Relying in part on *United States v. Christo*, 614 F.2d 486, 492 (5th Cir. 1980), defendant contends that "the Government cannot be permitted to use Mix's alleged non-compliance with the Hold Notices as a shortcut to proving that Mix acted with the 'corrupt' intent to obstruct a grand jury investigation" and that the United States must be precluded "from placing undue focus or emphasis on the Hold Notices." Doc. 255, p. 7. *Christo* involved a prosecution of an indictment for, among other things, misapplication of banking funds. Following defendant's conviction, the Fifth Circuit reviewed a jury instruction which advised the jury that violations of a specific civil regulation could serve as a factual basis for a criminal misapplication conviction. The Court held that "[a] conviction resulting from the government's attempt to bootstrap a series of checking account overdrafts, a civil regulatory violation, into an equal amount of misapplication felonies, cannot be allowed to stand." *Id.* The Fifth Circuit concluded that "the inclusion of the [civil] violations in this case were legally irrelevant" and noted that the district court's instructions and emphasis on the civil regulations "improperly focused the jury's attention to the prohibitions of the [civil regulation]." *Id. Christo* does not hold that no reference can ever be made to non-criminal violations. Significantly, the Fifth Circuit noted that the civil violations referred to in *Christo* were legally irrelevant. Here, violations of the Hold Orders are relevant evidence for the reasons described herein above. Moreover, the use of a limiting instruction setting out the limited purpose for which the Hold Orders are being admitted into evidence, given contemporaneously with the admission of the Hold Notices into evidence , and at the close of trial, will effectively reduce the possibility of any confusion as to the purpose of the evidence and the United State's burden of proof and will reduce the focus on the Hold Orders beyond their limited purpose.

4

Defendant alternatively urges that even if the Hold Orders are admissible, they should be redacted to excise any language purporting to define the legal obligations of the recipient of the notice. Specifically, defendant asserts that the following portions of the Hold Notices should be removed: 1) "[w]ithholding, concealing, altering, falsifying or destroying anything subject to this Legal Hold Order may subject individuals or BP to prosecution or other severe consequences"; 2) "[a]pplicable law requires that all BP employees comply with its duty to preserve all information potentially relevant to this incident"; and 3) "[f]ailure to do so could result in extreme penalties against BP." The specific reference to prosecution is not overly broad given that this case involves a criminal prosecution. Additionally, as noted by the United States, the challenged provisions are the very portions of the statements that are significant in establishing the relevance of the evidence. The Court concludes that the Hold Orders are relevant to the foreseeability of grand jury proceedings and to defendant's motive and intent, and are therefore admissible and that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. Accordingly, the Court grants the defendant's motion to the extent it seeks to "preclude the Government from arguing or suggesting that mere non-compliance with the Hold Notices constitutes a violation of the federal obstruction of justice" statute and to the extent that the Court will give a limiting instruction concerning the limited purpose for which the Hold Orders are being admitted into evidence. The motion is denied to the extent that it seeks a redaction of the Hold Orders.

New Orleans, Louisiana, this 14th day of May, 2013.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE