UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                           CRIMINAL ACTION

VERSUS                                             NO. 12-171

KURT E. MIX                                        SECTION "K"(1)


## ORDER AND OPINION

Before the Court are the "Motion in Limine to Preclude the Government From Referencing his Supposed 'Refusal to be Interviewed' by Prosecutors" filed on behalf of defendant Kurt Mix (Doc. 254) and the "Motion in Limine to Allow the Government to Make Responsive Arguments" filed on behalf of the United States (Doc. 247) which are related. Having reviewed the pleadings, memoranda, and relevant law, and having heard the oral argument of the parties on May 1, 2013, the Court, for the reasons assigned, GRANTS defendant's motion in limine and DENIES the United States motion.

### Background

The following facts are relevant in analyzing these motions:

- August 23, 2011 - defendant agreed, through his retained counsel, to be interviewed by the Deepwater Horizon Task Force.
- August 24, 2011 - defendant's counsel agrees to a September 2, 2011 interview.
- Thereafter counsel for defendant advised the prosecutors that text messages had been deleted from Mix's iPhone.
- After reviewing recovered text messages received from defendant's counsel, prosecutors advised defendant's counsel that he faced potential criminal exposure for obstruction of justice.
- Defendant's counsel indicated defendant would meet with prosecutors only if he were granted full immunity; a proposal rejected by the prosecutors.
- The prosecutors offered to interview defendant under the

    terms of a standard proffer letter with the additional condition that the United States would not ask the defendant, in the first proffer, about his text messages, only his work on flow rate and well-kill procedures. Defendant rejected that offer.
- Defendant declined to participate in the interview scheduled for September 27, 2011.
- Counsel for defendant have on numerous occasions stated that
Mix cooperated with the government.

  Defendant seeks to preclude the United States from making any reference either during its case-in-chief or in rebuttal to the fact that Mr. Mix exercised his constitutional right to remain silent and cancelled his scheduled interview with prosecutors. The United States has agreed that it will not refer to Mr. Mix's refusal to be interviewed during its case-in-chief, but urges that on rebuttal it may respond to any argument that the defendant "cooperated with the government's criminal investigation" by offering evidence and argument supporting the defendant's lack of cooperation. Doc. 279, p. 1. The government urges that same position in its "Motion in Limine to Allow the Government to Make Responsive Arguments" (Doc. 247).

  The United States concedes that it cannot comment or present evidence regarding defendant's refusal to be interviewed by prosecutors during its case-in-chief. Thus, the focus of this dispute between the parties is the degree to which the defendant is permitted to create an impression that he has cooperated with the United States by virtue of his production of information and documents to the United States before the United States is allowed to counter that impression by introducing evidence that defendant declined to be interviewed by the United States. *United States v. Fairchild*, 505 F.2d 1378 (5th Cir. 1975) provides valuable instruction.

  In *Fairchild* the Fifth Circuit Court of Appeals specifically addressed whether reference to

a defendant's refusal to make a statement after he had been given his *Miranda*[1] rights constitutes error once the defendant has attempted to create an impression that he has cooperated with the prosecution. The appellate court noted in general that evidence of a defendant's silence is excluded "for the purpose of protecting certain rights of the defendant" and "is not excluded so that the defendant may freely and falsely create the impression that he has cooperated with the police when in fact he has not." *Id.* at 1383. In *Fairchild,* during questioning of a government agent, counsel for defendant got the agent to admit that the defendant had no criminal history and had voluntarily provided handwriting samples to the investigating officers. Defense counsel then asked the government agent "[d]uring the period of time that this investigation has been going on, to your knowledge has [defendant] cooperated fully with the FBI and U.S. Attorney's Office in responding with anything that you all wanted?" *Id*. at 1383. The agent's response indicated that defendant had invoked his right to silence. In rejecting the defendant's contention that the trial court erred in permitting the jury to hear testimony that the defendant remained silent after being given his *Miranda* warnings, the Fifth Circuit concluded that "[h]aving raised the question of [defendant's] cooperation with law enforcement authorities, Fairchild opened the door to a full and not just a selective development of that subject." *Id.* The court further noted that "[a]ssuming the law would have excluded from evidence Fairchild's silence had he not broached the subject of cooperation, once he did broach it, the bar was lowered and he discarded the shield which the law had created to protect him." *Id.* The *Fairchild* court held that:

> the evidence of Fairchild's Miranda silence was admissible for the purpose of rebutting the impression which he attempted to create: that he cooperated fully with the law enforcement authorities. Thus

---

[1]*Miranda v. Arizona*, 384 W.C. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

> it was not error for the trial court to admit Detective Hobb's testimony concerning Fairchild's silence at the police station following his *Miranda* warnings.

*Id. Fairchild* has been interpreted to mean that a "defendant's silence is admissible only for the limited purpose of rebutting the impression that the accused had actively cooperated with the police." *United States v. Rodriguez*, 260 F.3d 416, 421 (5th Cir. 2001).

In *Fairchild,* the determinative factor in allowing the evidence of defendant's silence proved to be "the impression which [defendant] attempted to create: that he cooperated fully with the law enforcement authorities." Therefore, absent the defendant representing during his defense that he undertook to fully or actively cooperate with the government's investigation, the United States may not introduce evidence or present argument referring to the fact that defendant declined to be interviewed by prosecutors. Defendant may present evidence and argument setting forth the fact-based, affirmative acts he undertook to preserve and produce information, documents, and electronic data to BP, plc's third party vendor knowing that the vendor would in turn produce the information, documents, and electronic data to the Department of Justice, without being deemed to have "opened the door" to evidence or argument by the United States regarding his refusal to be interviewed by prosecutors. However, the Court cautions defendant that should his evidence stray from a fact-based objective detailing of the affirmative acts he undertook to preserve and produce information, documents and electronic data to BP's third party vendor into the realm of subjective perception of how he or others would interpret his affirmative acts of preservation and production of documents, and thereby "open the door" with respect to whether defendant cooperated with the government's criminal investigation, the United States may seek to introduce rebuttal

evidence on that point.

New Orleans, Louisiana, this 14th day of May, 2013.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE