# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-171 |
| KURT E. MIX | SECTION "K"(1) |

## ORDER AND OPINION

Before the Court is the "Motion *in Limine* to Preclude the Government from Making Reference at Trial to the '17 Unrecovered Text Messages'" (Doc. 214) filed on behalf of defendant Kurt E. Mix. Having reviewed the pleadings, memoranda, and relevant law, and having heard the oral argument of the parties on May 1, 2013, the Court, for the reasons assigned, DENIES the motion.

Because the general background of this case is well known to the parties, only the facts relevant to this motion will be set forth herein. A grand jury returned a superseding indictment against Kurt E. Mix charging him with two counts of obstruction of justice in violation of 18 U.S.C. §1512(c)(1). Count 1 of the superseding indictment relates to the October 4, 2010 deletion of a string of text messages to and from BP's Drilling Engineering Manager for the Gulf of Mexico ("Supervisor"). Following the deletion of the text messages, a third party vendor retained by BP forensically recovered all but seventeen (17) of the of the text messages from the text message string with Supervisor. The seventeen (17) unrecovered text messages are all dated between April 26 and April 30, 2010, within ten (10) days of the blowout of the Macondo Well. The parties do not dispute that the content of the unrecovered text messages is unknown and cannot be recovered. It is also undisputed that the were deleted the day before BP's third party vendor was scheduled to remotely collect data from defendant's iPhone.

Defendant asks the Court to preclude the United States from making any reference at trial to the seventeen (17) unrecovered text messages between Mix and Supervisor contending that "because there is no basis on which the jury could reasonably infer that the 17 unrecovered text messages contained 'incriminating information"– or even information material to the grand jury investigation that Mix is charged with endeavoring to obstruct– there is no legitimate purpose to making *any* reference . . ." to the unrecovered emails. Doc. 214, p. 9.

"Relevant evidence" is that evidence which "has a tendency to make a fact more or less probable than it would be without the evidence" and which is a "fact of consequence in determining the action." Fed.R. Evid. 401. The district court has broad discretion to determine the relevance of evidence. *United States v. Masat*, 948 F.2d 923, 933 (5th Cir. 1991).

The unrecovered text messages qualify as relevant evidence. Defendant and Supervisor, both BP employees involved in the Macondo well response, were parties to each of the challenged text messages. All of the text messages at issue were sent during the time frame when defendant was working on flow rate issues. In fact, the vast majority of the text messages, i.e, fourteen (14) out of seventeen (17) messages, were sent within 24 hours of a recovered text message sent by defendant to Supervisor addressing technical date.[1] Additionally, each of the text messages objected to by defendant was deleted the day before BP's third party vendor was scheduled to remotely collect electronic data from Mr. Mix, including text messages. These facts considered together are sufficient to give rise to a reasonable inference that would have a tendency to make a fact more or less probable than it would be without the evidence, e.g., whether a nexus exists

---

[1] Specifically that text message states "[m]ud to sw reduced press by 1500 psi. 1058 psi trapped below would unseat the packoff. Is that what you wanted." Doc. 315, p. 4.

between the deletion of the text messages and a foreseeable grand jury proceeding or whether defendant acted with correct intent in deleting the text messages.

Defendant further asserts that even if the unrecovered text messages constitute relevant evidence that they are inadmissible under Rule 403 of the Federal Rules of Evidence. Rule 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger" of, among other things "unfair prejudice." "Unfair prejudice 'speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilty on a ground different from proof of specific to the offense charged.'" *United States v. Perez-Solis*, 709 F.3d 453, 464 (5th Cir. 2013), quoting *Old Chief v. United* States, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). "The district court has broad discretion to weigh the relevance, probative value, and prejudice of the evidence in determining its admissibility under Rule 403." *United States v. Allard*, 464 F.3d 529, 534 (5th Cir. 2006).

There is some potential for unfair prejudice to defendant resulting from the admission of the unrecovered text messages. However, the Court finds that the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice. To reduce the potential for unfair prejudice to defendant, the Court will issue a limiting instruction to the jury with respect to this evidence. Additionally, the defendant will certainly have the opportunity to urge the jury to attribute no weight to the unrecovered text messages and to argue to the jury that, considering the totality of the subject matter of all of the recovered text messages between defendant and Supervisor that there is no likelihood that the unrecovered text messages related to flow rate issues. Accordingly, the Court denies the motion.

New Orleans, Louisiana, this 16th day of May, 2013.

                                    _____
                                    STANWOOD R. DUVAL, JR.
                                    UNITED STATES DISTRICT JUDGE